(21 M:sc. Rep. 30.)

## BUEHLER v. WEIFFENBACH.

(Supreme Court, Appellate Term. July 29, 1897.)

REAL-ESTATE AGENT—COMMISSIONS.
    When a broker, who has been employed to effect a sale of property, brings a customer, who makes an offer which is refused, and afterwards, without terminating such broker's authority, the owner of the property accepts the same offer, from the same person, through another channel, the broker who first procured the customer is entitled to his commission on the sale.

Appeal from First district court.

Action by Adam Buehler against Louisa Weiffenbach and Sebastian Weiffenbach. Complaint dismissed as to Sebastian Weiffenbach. From a judgment in favor of plaintiff, Louisa Weiffenbach appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

George W. Weiffenbach, for appellant.

John Fennel, for respondent.

DALY, P. J. This is an action to recover brokerage upon the sale of defendant's property, No. 524 East Eighty-Third street, to one Sanderer, for $20,500. The plaintiff claimed that he had been employed by Sebastian Weiffenbach, defendant's authorized agent, to effect a sale, and that he introduced Sanderer, and procured him to make the offer of $20,500, which, though at first refused, was subsequently accepted, when repeated by another broker. Plaintiff took Sanderer to see Weiffenbach, and make an offer, although those parties had previously had some conversation about a sale of the premises. At that interview, Sanderer offered $20,500 for the first time. Weiffenbach asked $21,500. The offer was subsequently made in a letter from plaintiff to Weiffenbach, who replied that "Sanderer must offer more." Weiffenbach, according to plaintiff's evidence, promised to pay him a commission if he effected a sale. Nothing further was done, after October or November, until January following, when another broker again repeated Sanderer's offer, and defendant accepted it. There is no evidence that Weiffenbach terminated plaintiff's agency, so as to permit of his dealing directly with plaintiff's customer, and making the sale himself on the latter's terms, which plaintiff had procured. On the contrary, when a third broker came to Weiffenbach to speak of a sale to Sanderer, Weiffenbach declined to negotiate through him, on the ground that another agent, who lived in Avenue A, had brought Sanderer. This other agent was identified as the plaintiff by the description that he lived in Avenue A. It is plain, therefore, that it was understood at that time, which was about December, that the agency continued, and that plaintiff had not abandoned his efforts, and defendant had not terminated his authority. The sale to Sanderer was made January 5th following.

This was not a case where the broker failed to procure a purchaser at the price named by his principal. No price was fixed when

plaintiff was at first authorized to find a customer. The price of $21,500 was first mentioned after the customer he brought had offered $20,500; and immediately after that we find him simply stating, in reply to a repetition of the offer in writing, that "Sanderer must offer more," which indicated a disposition to recede from his own figure, and required of plaintiff, in order to earn his commission, that the offer must be one which would prove satisfactory to defendant. If the offer already made proved satisfactory, it would seem that the commission was earned, although it cannot be doubted that if defendant, after giving plaintiff a reasonable time to effect a sale, had given him notice that his agency was terminated, he would then have been at liberty to negotiate directly with the purchaser, Sanderer, without being liable to plaintiff for commissions. Sibbald v. Iron Co., 83 N. Y. 378. Defendant not having terminated plaintiff's agency, and plaintiff not having abandoned his efforts, and defendant having closed with the customer on the offer procured by plaintiff, the latter was entitled to commission.

Judgment affirmed, with costs. All concur.